or final refusal by the Court of Appeals of leave to appeal.   Present — Martin, P. J., O'Malley, Townley, Glennon and Dore, JJ.   [See *ante*, p. 883.]

FRED S. RADNITZ v. ELECTRIC POWER & LIGHT CORPORATION.— Motion for leave to appeal to the Court of Appeals granted; question certified.   [See *ante*, p. 867.]   Present — Martin, P. J., O'Malley, Glennon, Untermyer and Dore, JJ.

FRED S. RADNITZ v. ELECTRIC POWER & LIGHT CORPORATION.— Motion for leave to appeal to the Court of Appeals granted; question certified.   [See *ante*, p. 867.]   Present — Martin, P. J., O'Malley, Glennon, Untermyer and Dore, JJ.

## (June 19, 1940.)

FRANK A. CRAIG, Appellant, v. NEW YORK WORLD TELEGRAM CORPORATION, Respondent.

PER CURIAM.   We think the first cause of action, as pleaded, is sufficient upon its face and should not have been dismissed.   The order, accordingly, should be modified by denying the motion to dismiss the complaint as to the first cause of action, and as so modified affirmed, without costs, with leave to plaintiff to serve an amended complaint as to the second and third causes of action within ten days from the service of a copy of the order, with notice of entry thereof.

Present — Martin, P. J., O'Malley, Townley, Cohn and Callahan, JJ.

Order unanimously modified by denying the motion to dismiss the complaint as to the first cause of action, and as so modified affirmed, without costs, with leave to the plaintiff to serve an amended complaint as to the second and third causes of action within ten days after service of order.

ROBERT MARTUCCI, an Infant, by JOSEPH MARTUCCI, His Guardian ad Litem, and JOSEPH MARTUCCI, Appellants, v. BROOKLYN CHILDREN'S AID SOCIETY and WAVE CREST CONVALESCENT HOME, Defendants.

DESMOND T. BARRY, Respondent.

No opinion.

Present — Martin, P. J., O'Malley, Townley, Glennon and Dore, JJ.; Martin, P. J., and Dore, J., dissent; dissenting opinion by Dore, J.

DORE, J. (dissenting).   The order appealed from granted substitution of attorneys and fixed the lien of the attorney who had been discharged at twelve and a half per cent of the proceeds of any judgment or settlement but in no event less than $400.   By not appealing the attorney has consented to the payment of his fee out of the proceeds of any judgment or settlement.   It was, however, error to fix the amount of the lien on a percentage based upon elements involving the services of the attorney substituted, for the value of one attorney's services